**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOFTVIEW LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00246-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT ZAURUS IS NOT PRIOR ART**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. THE COURT SHOULD DENY SOFTVIEW'S MOTION BECAUSE THERE IS SUFFICIENT EVIDENCE FOR A JURY TO FIND THAT ZAURUS IS PRIOR ART ........ 1

A. Samsung Elected the Zaurus Reference Comprising Publications ........ 1

B. Zaurus_1 is Associated with Zaurus_2 ........ 2

C. Zaurus_2 is Prior Art and the Hartmann Translation is Accurate ........ 3

III. CONCLUSION ........ 4

## I. INTRODUCTION

SoftView has known about the composition of the Zaurus publication prior art reference for over 13 years across multiple proceedings that culminated in Federal Circuit affirmances of findings that SoftView's patent claims are invalid over Zaurus. SoftView's arguments fail to rebut that (A) Zaurus is a properly elected prior art reference comprising the Zaurus_1 and Zaurus_2 prior art publications under 35 U.S.C. § 102, (B) Samsung's expert explained the association between Zaurus_1 and Zaurus_2 publications, and (C) there is correspondence between the English translation and Japanese publication of Zaurus_2. SoftView's motion should be denied.

## II. THE COURT SHOULD DENY SOFTVIEW'S MOTION BECAUSE THERE IS SUFFICIENT EVIDENCE FOR A JURY TO FIND THAT ZAURUS IS PRIOR ART

### A. Samsung Elected the Zaurus Reference Comprising Publications

As they were in the IPR proceedings, Zaurus is prior art under pre-AIA 35 U.S.C. § 102, which states in relevant part that a "person shall be entitled to a patent unless . . . (b) the invention was patented or described in a printed publication in this or a foreign country ***or*** in public use or on sale in this country" (emphasis added). Under the parties' case narrowing agreement for invalidity defense narrowing, Samsung elected the "Zaurus" prior art reference that includes prior art ***publications*** including Zaurus_1 and Zaurus_2. SoftView understood that "[t]o support its Zaurus theories, Samsung relies on the testimony of Dr. Benjamin Goldberg who testified that his opinions were based on two documents." *See* Mot. 1. Samsung explained that Zaurus_1 and Zaurus_2 are prior art "printed publication[s] in this or a foreign country." *See, e.g.*, Opp. 3, 5.

SoftView's attempts to confine the definition of Zaurus to devices under the "in public use or on sale in this country" clause of § 102 should be rejected. When SoftView emailed Samsung to "identify a specific Zaurus" device, Samsung identified multiple devices described in the Zaurus publications analyzed by the Goldberg Report. Even after SoftView subsequently threatened "to

strike portions of Dr. Goldberg's report and limit Samsung's Zaurus combinations to a single Zaurus device," Samsung declined to make any changes. *See* Mot., Ex. 1 (Laurenzi email July 16, 2026) ("No further narrowing by Samsung is required under the terms to which the parties agreed."). Samsung's definition of Zaurus includes prior art publications.

**B. Zaurus_1 is Associated with Zaurus_2**

Zaurus_1 and Zaurus_2 are "associated references" that describe Sharp's "Power Zaurus" devices regardless of who wrote Zaurus_1. Opp. 5, 7. Samsung's expert Dr. Goldberg explained the association: the Zaurus_1 and Zaurus_2 both describe the "Power Zaurus" devices, which include MI-600, MI-500, and MI-100 family of devices. Opp. Ex. A (Goldberg Rpt.) ¶¶ 123–124, 727 ("Zaurus is branded as a 'Zaurus Pocket' device"); Opp. Ex. B (Goldberg Dep.) 73:20–75:25 ("Page 41 of the PDF of Zaurus_1 [Ex. C at PRIORART_000030479], [] talked about the -- the new MI-600 series combining the features of the MI-500 series and the MI-100 series . . . my analysis is based on Zaurus as a reference, including both those physical devices and the --these publications. So it's still the – the teaching of the Zaurus family or the Zaurus product, that is what I'm relying on . . . my opinions about Zaurus aren't based solely on the MI-100."); Opp. Ex. C (Zaurus_1) at PRIORART_000030479 ("Introduced in March 1998, the second-generation Power Zaurus (MI-600 series) is now the most powerful Power Zaurus, combining features of the first-generation Power Zaurus (MI-500 series) and the first-generation Power Zaurus Pocket (MI-100 series)"); Mot., Ex. 7 (Zaurus_2) at PRIORART_000009528 ("The Zaurus Pocket MI-100 series is based on the 'Power Zaurus specification,' so in this manual the MI-100 series and the MI-500 series are collectively referred to as 'Power Zaurus.'"). SoftView has not rebutted Dr. Goldberg's technical analysis explaining the association between Zaurus_1 and Zaurus_2. Moreover, the technical specificity underpinning Samsung's identification of the Zaurus references, which are

directed to a specific group of handheld devices made by Sharp for the Japanese market in the late 1990s, is hardly analogous to SoftView's disingenuous "Microsoft" analogy.[1] Similarly, SoftView has no material rebuttal to the fact that the Zaurus_1 together with Zaurus_2 was the subject of multiple Federal Circuit affirmances of findings of invalidity of SoftView's patent claims, thus rendering SoftView's purported confusion regarding Zaurus_1's election in this matter unconvincing.

### C. Zaurus_2 is Prior Art and the Hartmann Translation is Accurate

The totality of evidence supports finding that Zaurus_2 is prior art and that the Hartmann translation is accurate, which is sufficient to put the issue to the jury. First, the Zaurus_2 documents include a 1997 copyright date. In response to SoftView's feigned confusion over the page numbers of Zaurus_2, Samsung explained that the certified Hartmann translation was first produced in 2012 and demonstrated what is plainly obvious – that the Bates numbers associated with the earlier IPR corresponds to the markings on the page that included the 1997 copyright date in the Hartmann translation. Opp. 9, including Ex. O from the IPR. Unable to challenge the fact that the page includes the 1997 copyright date, SoftView shifts to questioning whether Dr. Goldberg reviewed the underlying documents at all. Reply 3. This argument too is disingenuous considering that Samsung showed exactly where the original Japanese language Zaurus_2 document is publicly posted on the USPTO's website under the IPR2013-00007 proceeding that Dr. Goldberg and the parties have extensively reviewed in connection with the preclusion themes of this case. *See, e.g.*, Opp., Ex. A (Goldberg Rpt.) ¶ 995; Opp. 9. Nor does SoftView have any rebuttal to the fact that IPR2013-00007 is one of several proceedings that relied on the Zaurus_2 reference together with

[1] Notably, SoftView does not challenge Samsung's election of "Opera (on Psion or ***Windows***/laptop)."

Zaurus_1 in findings of invalidity of SoftView's patent claims and was affirmed by the Federal Circuit.

Second, Samsung produced and SoftView inspected the retail packaging and corresponding pamphlets evidencing how the Zaurus_2 manuals were packaged together. Opp. 9. SoftView does not provide any evidence to the contrary, and instead again feigns confusion over whether the retail box is part of Zaurus_2. Reply 3.

Third, SoftView's Box declaration should be given no weight. After failing to have the declarant review the Japanese language documents cited by Dr. Goldberg, SoftView admitted that there was a "typo" that was "corrected." Reply 3 n.1. However, despite Samsung's efforts to resolve SoftView's purported confusion by providing Appendix A to show clear correspondence among the Zaurus documents, SoftView still did not have the declarant review and opine upon the similarity of documents reviewed by Dr. Goldberg related to the Hartmann translation. *Compare* Dkt. 164-1 *with* Dkt. 155-1 (Appendix A). In sum, nothing in the Box Declaration undermines the accuracy of the Hartmann translation or Dr. Goldberg's reliance on it.

Accordingly, SoftView has failed to adequately dispute Dr. Goldberg's review of the certified English translation of the manuals, the Japanese originals from the previous IPRs, scans of the inspected Japanese booklets, and a 1997 Wall Street Journal article about Zaurus. Opp., Ex. A (Goldberg Rpt.) ¶ 124; *see also* Dkt. 155-1 (Appendix A). Together, Samsung has proffered sufficient evidence to put the question of Zaurus_2's 1997 date to the jury.

## III. CONCLUSION

For the reasons stated, the Court should deny SoftView's motion.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Robert W. Unikel*
Robert W. Unikel (Ill. Bar No. 6216974)
**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
robertunikel@paulhastings.com

Brian Bieluch (CA Bar No. 331167)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars,
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: bbieluch@cov.com

Richard L. Rainey (D.C. Bar No. 452996)
Kevin B. Collins (D.C. Bar No. 445305)
Peter A. Swanson (D.C. Bar No. 497348)
Daniel Farnoly (D.C. Bar No. 1655818)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5565
Email: rrainey@cov.com
Email: kcollins@cov.com
Email: pswanson@cov.com
Email: dfarnoly@cov.com

Patrick N. Flynn (CA Bar No. 286108)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square
Palo Alto, California 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: pflynn@cov.com

Andrea P. Roberts (CA Bar No. 228128)
**PAUL HASTINGS LLP**
1117 S. California Avenue

Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
andrearoberts@paulhastings.com

Robert R. Laurenzi (NY Bar No. 3024676)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100
robertlaurenzi@paulhastings.com

Maksim Mints (MA Bar No. 712372)
Puja V. Patel (D.C. Bar No. 1779895)
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: maksimmints@paulhastings.com
Email: pujapatel@paulhastings.com

Melissa R. Smith
Texas State Bar No. 07921800
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd.*
*and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 15, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Robert W. Unikel*
Robert W. Unikel

**CERTIFICATE OF AUTHORIZATION TO SEAL**

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Robert W. Unikel*
Robert W. Unikel