[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOFTVIEW, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No.: 2:25-cv-00246-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF SOFTVIEW, LLC'S SUR-REPLY IN RESPONSE TO SAMSUNG'S MOTION TO EXCLUDE AND STRIKE EXPERT TESTIMONY AND OPINIONS OF DR. MARK JONES (DKT. 116)**

[redacted]

## TABLE OF CONTENTS

I. DR. JONES'S INFRINGEMENT ANALYSIS FOR THE WORD "ORIGINAL" APPLIES THE COURT'S CONSTRUCTION AND PASSES MUSTER UNDER RULE 702. .......... 1

II. DR. JONES'S APPENDIX Q IS AN APPROPRIATE EXPERT SUMMARY OF VOLUMINOUS INFORMATION. .......... 2

III. DR. JONES'S INDUCMENT OPINIONS ARE APPROPRIATE AND HELPFUL TO THE JURY. .......... 2

IV. DR. JONES'S OPINIONS REGARDING SAMUNG'S ACTS OF DIRECT INFRINGEMENT ARE ROUTINE EXPERT TESTIMONY. .......... 2

V. SAMSUNG FAILS IN REPLY TO ARGUE THAT ANY OF DR. JONES'S OPINIONS WERE UNTIMELY. .......... 3

[redacted]

# TABLE OF AUTHORITIES

**Cases**

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*
684 F. Supp. 3d 570 (E.D. Tex. 2023) ........ 2

*Gree, Inc. v. Supercell Oy*
2020 WL 4059550 (E.D. Tex. July 20, 2020) ........ 2

[redacted]

## I. DR. JONES'S INFRINGEMENT ANALYSIS FOR THE WORD "ORIGINAL" APPLIES THE COURT'S CONSTRUCTION AND PASSES MUSTER UNDER RULE 702.

Samsung does not provide any new arguments, it just restates its conclusions. First, Samsung does not dispute that Dr. Jones's opening report states that his opinions apply the Court's construction and that retrieved HTML-based web content both defines the layout, functionality, and design and is designed such that it can be rendered on a desktop computer. Resp. (Dkt. No. 160) 2–4. While Dr. Jones also explained that his opinions apply under the Court's preliminary construction, that does not negate infringement.

Second, Samsung argues that Dr. Jones does not "rely on responsive design" in his opening report, but this misses the point. If a patent claim covers a car engine, the patentee can prove infringement by mapping the claims to the accused engine. The fact that the engine can be used in vehicles driving on the highway or side-streets does not negate infringement nor require a separate infringement discussion for different types of roads. Here, Dr. Jones's infringement analysis remains valid for responsive and non-responsive websites because a website's use of responsive design does not change the fact that the relevant web content's page layout, functionality, and design is preserved in PaintArtifact (and thus preserved as required by the claims). Resp. (Dkt. No. 160) 3–4. Lest there be any doubt about this, Dr. Jones' opening report states: "Samsung here states that the responsive web design methodology for web pages does not rely on converting the web page into scalable content, but what matters is whether the accused software on the accused products meets the claim limitations when retrieving and rendering these websites. As explained throughout this report, it does." Dkt. No. 106-19 (Jones Appx. N) 9. This is a reasonable explanation of infringement and Samsung identifies no error in Dr. Jones' source code or technical analysis supporting the opinion. It satisfies Rule 702.

[redacted]

## II. DR. JONES'S APPENDIX Q IS AN APPROPRIATE EXPERT SUMMARY OF VOLUMINOUS INFORMATION.

It is appropriate for an expert to review voluminous information, draw a conclusion based on technical expertise, and explain that conclusion to the jury. Samsung does not contend otherwise and that is exactly what Dr. Jones did here. While the jury could be educated to perform this analysis itself (*e.g.*, by explaining how a phone's operating system enables pinch-to-zoom and how to identify operating system and hardware parameters in technical literature), that does not mean it is improper for Dr. Jones to perform the analysis and deliver his conclusions. If Samsung has identified any errors, it can cross examine him on that. Moreover, Samsung's hearsay objection is meritless. Dr. Jones relied on these sources because they reliably report on the technical details of mobile devices and Samsung offers no evidence to the contrary.

## III. DR. JONES'S INDUCMENT OPINIONS ARE APPROPRIATE AND HELPFUL TO THE JURY.

As reflected in SoftView's opposition (Dkt. No. 162 at 6–7), Dr. Jones will not offer testimony on Samsung's state of mind. The disputed paragraphs of Dr. Jones's inducement analysis go to "underlying facts that may show a party's state of mind," which is permissible expert testimony. *Gree, Inc. v. Supercell Oy*, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020); *see also Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, 684 F. Supp. 3d 570, 577–78 (E.D. Tex. 2023) (expert "may testify as to the underlying facts that in his opinion may show Defendants' state of mind"). Samsung cites no case in which an expert was precluded from offering similar testimony.

## IV. DR. JONES'S OPINIONS REGARDING SAMUNG'S ACTS OF DIRECT INFRINGEMENT ARE ROUTINE EXPERT TESTIMONY.

Samsung offers nothing new in reply. As shown by SoftView's opposition (Dkt. No. 162 at 7–8), the disputed paragraphs are routine expert testimony about acts of direct infringement. Dr.

[redacted]

Jones thoroughly analyzed the accused products and showed that they meet the claims. Samsung cites no case in which an expert was precluded, for example, from then explaining to the jury that the defendant sold and used the accused technology the expert has concluded meets the claims.

## V. SAMSUNG FAILS IN REPLY TO ARGUE THAT ANY OF DR. JONES'S OPINIONS WERE UNTIMELY.

In reply (Dkt. No. 187), Samsung omits any mention of its opening position that some of the accused products Dr. Jones analyzed were not timely identified, or that portions of Dr. Jones's supplemental report directed to the "original" term and his corrected Appendix should be struck (Dkt. No. 116 at 8). This further highlights the weakness of Samsung's position.

[redacted]

DATED: September 16, 2026.

Respectfully submitted,

*/s/ Justin T. Nemunaitis*

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Justin T. Nemunaitis
Texas Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Andrew Langford
TX Bar No. 24087886
alangford@caldwellcc.com
Aisha M. Haley
Texas Bar No. 24139895
Email: ahaley@caldwellcc.com
James F. Smith
Texas Bar No. 24129800
Email: jsmith@caldwellcc.com
Bailey Alexandra Blaies
Texas Bar No. 24109297
Email: bblaies@caldwellcc.com
Alexander J. Gras
Texas Bar No. 24125252
Email: agras@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Andrea L. Fair (TX Bar No. 24078488)
andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF SOFTVIEW, LLC**

[redacted]

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record via email on September 16, 2026.

*/s/ Justin T. Nemunaitis*
Justin T. Nemunaitis

[redacted]

[redacted]